IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VICTORIA MCGILL**

    **Plaintiff,**

Case Number _____

v.

**COMENITY BANK, LLC.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, by and through his undersigned counsel, sues Defendant, (herein referred to as "Defendant") and further alleges as follows:

1. Plaintiff is a resident of Pinellas County, Florida and domiciled therein.

2. Upon information and belief, Defendant is believed to be a foreign corporation doing business throughout the State of Florida, including Pinellas County, as a debt collector or entity seeking to collect upon an alleged consumer debt. (See Attachment A) Defendant is a debt collector and/or solicitor as defined by law. All material events occurred regarding the collection of this alleged debt occurred in Pinellas County, Florida. This entire action arises from Defendant's repeated efforts to collect an alleged consumer debt.

3. The underlying civil action contains an amount above $15,000.00.

4. This court has jurisdiction under 28 U.S.C. 1331 and this court has supplement jurisdiction for the Chapter 559 claim.

5. This civil action is premised upon violations of Chapter 559 of the Florida Statutes and violations of the Telephone Consumer Protection Act. Plaintiff demands a trial by jury on all counts so triable.

## GENERAL ALLEGATIONS

6. Plaintiff re-alleges and incorporates paragraphs one through five as if stated fully herein.

7. Plaintiff was alleged by Defendant to have a debt. Plaintiff is a consumer as defined by law and the nature of this alleged debt is consumer related. Chapter 559 of the Florida Statutes as well as the Telephone Consumer Protection Act is applicable to Defendant based upon the facts alleged in this compliant.

8. Plaintiff disputed the allegation of indebtedness made by Defendant and Plaintiff advised Defendant to no longer contact Plaintiff by telephone and cell phone, but instead to contact Plaintiffs legal representative regarding the claims of indebtedness on June 20, 2013. (See Attachment B). Defendant received Plaintiffs above referenced letter approximately June 23, 2013.

9. Subsequently, Defendant refused Plaintiffs lawful directive as set forth by Plaintiff and continued to contact Plaintiff by telephone and cell phone without regard to Plaintiffs specific instructions, on at least four times between 8:11am and 3:37pm on June 24, 2012, at least five times on July 1, 2013 between 8:13am and 9:19am and four times between 12:00pm and 8:14pm on that same day as well as four times on July 2, 2013 between 8:45 and 10:53 am.

10. Defendants contacted continued despite the fact that Plaintiff had told Defendant to only contact Plaintiffs attorney.

11. Plaintiff also instructed Defendant, with specificity, not to call Plaintiff's telephone and directed Defendant to communicate with Plaintiff only in writing and even then to only contact Plaintiff's attorney. Under the Telephone Consumer Protection Act, Plaintiff is entitled to direct Defendant not to call Plaintiff and Plaintiff is within his rights to revoke any prior consent that Defendant may have had in regards to calling Plaintiff by phone. In this case, upon information and belief, Defendant never had any authorization to call Plaintiff's phone in the first place and, if any authorization was given, said authorization was clearly revoked.

12. Plaintiff had a lawful right to instruct Defendant not to have further direct contact with Plaintiff regarding that debt alleged by Defendant, per Chapter 559 of the Florida Statutes.

13. Fla. Statutes, Section 559.72, which prohibits debt collectors (such as Defendant in this case) from harassing alleged debtors, and which prevents a debt collector from communicating directly with an alleged debtor if the debt collector knows that the alleged debtor is represented by an attorney.

14. Defendant knew that Plaintiff was represented by an attorney as of approximately June 23, 2012. Notwithstanding the fact that Defendant knew Plaintiff was represented by an attorney, Defendant continued to contact Plaintiff repeatedly, in an unauthorized fashion, with a frequency that qualifies as harassment, as set forth above.

15. Defendant's conduct, including but not limited to Defendant's willful, intentional and malicious refusal to cease harassing Plaintiff and to further refuse to communicate with Defendant's legal representative constitutes a violation of law, including but not

limited to Fla. Statutes, Section 559.72(18) as well as Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. 227 et seq.

WHEREFORE, Plaintiff seeks judgment against Defendant for all damages provided for under the law as well as reasonable attorney fees and costs when applicable.

I HEREBY SWEAR AND AFFIRM that the factual statements made above are true and correct under penalty of perjury.

_/s/ Victoria McGill_
Victoria McGill

_/s/ W. John Gadd_
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

# Attachment A

# comenity

*Search our site*

Home / Contact Us

## Write us

Please be sure to include your full name and address in your letter.

Comenity Bank
PO Box 182273
Columbus, Ohio 43218-2273

Comenity Capital Bank
PO Box 183003
Columbus, Ohio 43218-3003

## Find us on Facebook

## Follow us on Twitter



### For account-specific questions:
For your security, contact the Customer Care team for your account
Find the website and phone number here.

### For general questions:
For your security, please do not include personal account information in your communication.

I would like general information about:

Your name:

Your email:

Your phone: *optional*

( XXX ) XXX - XXXX

City

State:            Zip code:

# Attachment B

Comenity Bank
PO BOX 182273
Columbus, OH
43218-2273

June 20, 2013

To Whom It May Concern,

I expressly revoke any consent I may have given you to contact me by phone. I'm expressly asking that all calls be stopped & reduced to writing. All contact regarding this alleged debt or personal/business matter and any others you may have in my name should be sent to my legal representative, W. John Gadd 2727 Ulmerton Rd Ste 250 Clearwater, FL 33762

do not contact me any further.

Thank you,

Wiley Gomm

O.B.O

Victoria McGill.

1626 north m.l.K Ave

Clearwater Fla 337-55